■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HAROLD ROHR, Appellant.— Order affirmed. No opinion. (See *People* v. *Lynn*, 28 N Y 2d 196; *People* v. *Ali*, 35 A D 2d 438.) Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur.

■ In the Matter of MARTIN M. GREENBERG, Respondent, v. THOMAS F. McCOY, as State Administrator of the Judicial Conference of the State of New York, Appellant.— Appeal from a judgment of the Supreme Court at Special Term, entered April 14, 1970 in Kings County, in a proceeding under CPLR article 78, which annulled respondent's evaluation of petitioner as Court Clerk II and directed respondent to re-evaluate petitioner as Court Clerk III. This appeal was transferred here pursuant to CPLR 5711 by order of the Appellate Division, Second Department. On July 1, 1951 petitioner was appointed to the position of Clerk, Grade B, in Supreme Court, Kings County. Pursuant to a " Classification Plan " promulgated by the Administrative Board of the Judicial Conference, petitioner was reclassified as Court Clerk II, effective July 1, 1966. His administrative appeal was denied and this appeal ensued. On the record before us, we cannot say that the action of the appellant was arbitrary and capricious. An examination of petitioner's in-title services, conferring with Judges on legal matters, guiding attorneys in the preparation of papers, and performing duties requiring a knowledge of practice and procedure, demonstrate that petitioner's duties come within the scope of the title specifications of a Court Clerk II. Finding no in-title services performed by petitioner that mandate a classification of Court Clerk III, the judgment of Special Term must be reversed and the petition dismissed. Judgment reversed, on the law and the facts, and petition dismissed, without costs. Reynolds, J. P., Staley, Jr., Greenblott, Sweeney and Simons, JJ., concur.